IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHRISTOPHER DYE | § | |
|  TDCJ-CID # 805217 | § | |
| V. | § | C.A. NO. C-07-266 |
| | § | |
| MARY COMSTOCK, ET AL. | § | |

**ORDER DENYING WITHOUT PREJUDICE**
**PLAINTIFF'S MOTION TO APPOINT COUNSEL**

In this civil rights action, plaintiff, a Texas state prisoner who is currently incarcerated at the McConnell Unit in Beeville, Texas, claims, *inter alia*, that defendants violated his Eighth Amendment right to be free from cruel and unusual punishment because they failed to protect him from inmate attacks. In particular, plaintiff complains that, while he was incarcerated at the Connally Unit, he repeatedly requested single-cell housing due to physical attacks that resulted in serious injuries, but that defendants denied his requests in deliberate indifference to his health and safety. Pending is plaintiff's motion for the appointment of counsel. (D.E. 3). For the reasons stated herein, plaintiff's motion is denied without prejudice.

No constitutional right to appointment of counsel exists in civil rights cases. Wendell v. Asher, 162 F.3d 887, 892 (5th Cir. 1998); Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994). A district court is not required to appoint counsel unless "exceptional circumstances" exist. Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987) (quoting Jackson v. Dallas Police Dep't, 811 F.2d 260, 261 (5th Cir. 1986)). Among the factors that the Court should consider are: "(1) the type and complexity of the case; (2) whether the indigent is

capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence. The court should also consider whether appointed counsel would aid in the efficient and equitable disposition of the case." Jackson, 811 F.2d at 262 (citing Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982)).

Upon careful consideration of the factors set forth in Jackson, the Court finds that appointment of counsel is not warranted at this time.

Regarding the first factor, plaintiff's Eighth Amendment claims do not present any complexities that are unusual in prisoner actions. Indeed, failure to protect claims , especially in the context of classification and housing disputes, are routinely filed by prisoners and heard by this Court.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. Plaintiff has filed a 39-page original complaint that details both the facts of his case and the legal basis for his claims. (See D.E. 1). In addition, plaintiff has included numerous documents and declarations in support of his claims. Plaintiff has thus far demonstrated that he is able to adequately communicate and file pleadings with the Court.

The fourth factor requires an examination of whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence. Plaintiff's action has not been scheduled for trial; consequently, at this time, the appointment of counsel

for trial would be premature.  Finally, there is no indication that appointing counsel would aid in the efficient and equitable disposition of the case.

No "exceptional circumstances" exist that warrant the appointment of counsel at this time.  Accordingly, plaintiff's motion for appointment of counsel, (D.E. 3), is denied without prejudice subject to renewal should counsel be warranted at a later date.

ORDERED this 27th day of June, 2007.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE