IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHRISTOPHER DYE | § | |
|     TDCJ-CID # 805217 | § | |
| V. | § | C.A. NO. C-07-266 |
| | § | |
| MARY COMSTOCK, ET AL. | § | |

## ORDER SEVERING AND TRANSFERRING CERTAIN CLAIMS

Plaintiff, a Texas state prisoner currently incarcerated at the McConnell Unit in Beeville, Texas, filed his original complaint on June 12, 2007, alleging claims of deliberate indifference against various officials and employees of the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID") and its contractual health care provider, University of Texas Medical Branch ("UTMB"). (D.E. 1).   In total, plaintiff named ten (10) individuals as defendants, five of whom are employed or associated with the McConnell Unit, and five of whom are employed or associated with the Connally Unit in Kenedy, Karnes County, Texas. For the reasons stated herein, plaintiff's claims against the Connally Unit defendants are severed and transferred to the United States District Court for the Western District of Texas, San Antonio Division.

### I. Plaintiff's allegations

Plaintiff relates that, prior to his transfer to the Connally Unit, he was housed in general population, and in August 1998, he was brutally attacked by another inmate.  In September, 1998, he was transferred to the Connally Unit, and there, he requested to be placed in a single-man cell.  His request was denied, and he was housed with David Martin, an inmate serving a

life sentence for murder. In early 2005, Dr. John Tejada, a psychotherapist who was treating offender Martin, authorized Martin to be removed from psychiatric treatment and to stop his medications. On April 25, 2005, offender Martin attacked plaintiff while he was asleep. Plaintiff suffered a fractured orbital, broken cheekbone, strangulation injuries, and a portion of his nose was bitten off. Plaintiff claims that Dr. Tejeda was deliberately indifferent to his health and safety when he ceased services for offender Martin.

Plaintiff underwent surgery to reattach his nose, as well as other medical services at UTMB-Galveston, where he received "excellent medical treatment." Upon his return to the Connally Unit, Captain Adolph Thomas accused plaintiff of provoking the attack. Plaintiff claims that Captain Thomas interrupted and delayed scheduled medical services in deliberate indifference to his serious medical needs.

On May 3, 2005, plaintiff filed a grievance concerning the denial of his request for a single-man cell. Major Currie and Dr. Vickie Smith, a psychotherapist, told plaintiff that he did not qualify for a single-man cell, and Warden Bright denied his request. Plaintiff claims that these defendants acted in deliberate indifference to his health and safety in denying him the single-cell housing.

Plaintiff was transferred to the McConnell Unit. On August, 7, 2005, Dr. Herrera noted in plaintiff's medical file that he was to be housed in a single-man cell only. However, on September 20, 2005, plaintiff was told that no such housing restriction was noted in his file. Plaintiff asked Dr. Herrera, classification officer Mary Comstock, and administrator Fatima Pollard why the restriction had been removed, but these defendants failed to answer him, in

deliberate indifference to his serious medical needs, and they ignored or refused his requests for a single-man cell.

On March 26, 2006, Nurse Jane Doe at the McConnell Unit infirmary harassed plaintiff until he signed a refusal of medical services form, in deliberate indifference to his health and safety. On April 5, 2006, plaintiff wrote to Dr. James Fitts asking that he restore the single-cell restriction, but Dr. Fitts never responded, in deliberate indifference to his health and safety.

## **Discussion**

Rule 21 of the Federal Rules of Civil Procedure provides:

> Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

Fed. R. Civ. P. 21.

Pursuant to the last sentence in Rule 21, the Court may order the severance of a claim where it will serve the ends of justice and further the prompt and efficient disposition of the litigation. Wyndham Assoc. v. Bintliff, 398 F.2d 614 (2d Cir.), cert. denied, 393 U.S. 977, 89 S. Ct. 444 (1968). See also Value Line Fund, Inc. v. Marcus, 161 F. Supp. 533 (S.D.N.Y. 1958); Michigan Tool Co. v. Drummond, 33 F. Supp. 540 (D.D.C. 1938); 7 Wright, Miller, & Kane, Federal Practice & Procedure § 1689 (2d ed. 1986). Here, the adjudication of plaintiff's claims against the Connally Unit/Karnes County defendants with the McConnell Unit/Bee County defendants would be inefficient. Although plaintiff alleges deliberate indifference against each defendant, there is no common issue of fact nor are the claims closely intertwined. Moreover,

the Connally Unit/Karnes County defendants would likely raise meritorious personal jurisdiction and venue defenses; at the very least they would be entitled to transfer under 28 U.S.C. § 1404(a) (convenience of parties and witnesses). Severance would serve the ends of justice by promoting the prompt and efficient disposition of the litigation.

Accordingly, the Court severs from this lawsuit plaintiff's claims against the five Connally Unit defendants: Warden Kenneth Bright; Major Currie; Captain Adolph Thomas, Dr. John Tejada, and Dr. Vickie Smith. These claims are transferred to the United States District Court for the Western District of Texas, San Antonio Division, for initial § 1915A screening and all further proceedings. Plaintiff's claims against the McConnell Unit/Bee County defendants are retained.

ORDERED this 9th day of July, 2007.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE