IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

CHRISTOPHER DYE                          §
    TDCJ-CID NO. 805217                   §
V.                                       §          C.A. NO. C-07-266
                                         §
MARY COMSTOCK, ET AL.                    §

## ORDER TO FILE *MARTINEZ* REPORT

In this civil rights action, plaintiff claims that he has a medical restriction to be housed in a single-man cell, but that prison officials and staff have refused to recognize or honor the restriction, and that defendants have refused to help him clarify the matter or to otherwise see that the single-man cell restriction is enforced, in deliberate indifference to his serious medical needs.   In addition, plaintiff claims that, in October 2005, he had reconstructive surgery at John Sealy Hospital in Galveston, and was specifically advised that he was to return for a follow-up appointment; however, he has not been taken back to the hospital for follow-up treatment, in violation of his constitutional rights.   (See D.E. 16, plaintiff's amended complaint).

Service has not yet been ordered in this case.  A review of plaintiff's medical records and an explanation of certain issues will be helpful in evaluating plaintiff's claims. Thus, the Office of the Attorney General, in its capacity as *amicus curiae*, shall submit a Martinez[1] report within thirty (30) days of the date of entry of this order. The Martinez report shall contain the following:

---

[1]Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978); Cay v. Estelle, 789 F.2d 318, 323 n. 4 (5th Cir. 1986).

(1)    A copy of plaintiff's TDCJ medical records from March, 2005 to the present;

(2)    A declaration or affidavit from an individual who has reviewed plaintiff's medical file and who can determine whether plaintiff now has, or has had at any time since March 2005 a single-cell restriction, the basis for the restriction, and when the restriction went into effect. In addition, the individual must explain how prison classification/housing is notified of a medical restriction for an inmate.  Further, when a medical restriction is not honored by prison staff, what is the inmate's remedy?

(3)    Is there an entry dated October 4, 2005 from a doctor at John Sealy advising plaintiff to return for a follow-up visit for "ENT"?  If yes, did this occur?  If not, who made the decision to not have plaintiff return for follow-up medical services that were ordered by a physician?

The Clerk shall send a copy of plaintiff's amended complaint (D.E. 16) to the

Attorney General.

ORDERED this 23rd day  of August, 2007.


_____
    B. JANICE ELLINGTON
    UNITED STATES MAGISTRATE JUDGE