UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHRISTOPHER DYE,<br>TDCJ-CID #805217<br>Plaintiff, | §<br>§<br>§<br>§ | |
| v. | § | Civ. No. CC-07-266 |
| | § | |
| MARY COMSTOCK, ET AL.,<br>Defendants. | §<br>§<br>§ | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Plaintiff, a prisoner at the McConnell unit in Beeville, Texas, claims that prison officials are violating his constitutional rights by refusing to house him in a one-person cell, despite his request that they do so. D.E. 1. While housed at the Connally Unit in Karnes County, Texas, Plaintiff was assaulted in his sleep by another inmate and suffered serious injuries requiring surgery. D.E. 48. The sole remaining defendant in this case is Dr. Maximilliano Herrera, who now moves to dismiss the case, arguing that Plaintiff has failed to exhaust his administrative remedies and therefore has not stated a claim upon which relief can be granted.[1] D.E. 38. Plaintiff has filed a response opposing dismissal. D.E. 43.

The Magistrate Judge recommends dismissing Plaintiff's claims against Defendant Herrera for failure to state a claim upon which relief can be granted,

---

[1] Plaintiff initially sued officials at the Connally Unit and three other defendants at the McConnell Unit. D.E. 1. The claims against the Connally Unit defendants were severed and transferred to the Western District of Texas, San Antonio Division. D.E. 7. The three other McConnell Unit defendants were terminated. D.E. 32.

1

finding that Plaintiff failed to exhaust his administrative remedies. D.E. 48. Plaintiff has not filed objections to this recommendation.

The Prison Litigation Reform Act provides that: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.A. § 1997e(a). In the Texas prison system, the grievance procedure has two steps, and a prisoner must present a grievance at both steps before his administrative remedies are exhausted. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). Here, Defendant presents evidence that neither of the Step 1 grievances Plaintiff filed relating to this case states a claim against him. D.E. 38, Ex. A. Neither grievance identifies Defendant by name or raises the issue of Plaintiff's assignment to a single-man cell, the basis of his suit before this Court. *Id.* In addition, even if these grievances were read to state a claim against Defendant Herrera, the record here shows that Plaintiff did not file Step 2 grievances at the McConnell unit on either of these. Accordingly, the Court finds that Plaintiff has failed to exhaust his administrative remedies.

When no timely objection to the Magistrate Judge's Memorandum and Recommendation is filed, the Court need only satisfy itself that there is no "clear error" on the face of the record in order to accept the Magistrate Judge's

recommendation. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1420 (5th Cir.1996) (citing FED. R. CIV. P. 72(b) advisory committee's note (1983)).

Having reviewed the pleadings and motions on file, the Court finds no clear error in the Magistrate Judge's recommendation. Defendants' Motion for Summary Judgment is GRANTED. Plaintiff's case is dismissed without prejudice for failure to state a claim.

ORDERED this __21__ day of __Aug__ 2009.

HAYDEN HEAD
CHIEF JUDGE